**In re Richard W. FONTAINE, Debtor.**

**Bankruptcy No. 3–83–492.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 25, 1984.

William Kampf, St. Paul, Minn., for debtor.

Gary Carlson, St. Paul, Minn., for Veterans Administration ("VA").

ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the debtor's objection to the claim filed by the Veterans Administration pursuant to a mortgage guaranty. The basis for the debtor's objection was that the mortgage securing the debt had been foreclosed by the mortgagee under Minnesota law and

the debt was released pursuant to the Minnesota Statute 580.23. The Veterans Administration asserts that its loan guaranty is a separate and independent obligation of the debtor and therefore was not released by the foreclosure. William Kampf appeared on behalf of the debtor. Gary Carlson appeared on behalf of the Veterans Administration ("VA").

Now, based on the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

The debtor purchased a home in 1982 for $59,100.00. At that time the debtor executed a note and mortgage in favor of United Mortgage Corporation ("United Mortgage") for the entire purchase price. The VA guaranteed the note for 46.53% of the principal balance, or $27,499.23. On March 21, 1983 the debtor filed a voluntary Chapter 13 bankruptcy petition. The debtor listed United Mortgage as a secured creditor in the amount of $59,000.00 on its A–2 bankruptcy schedule. The debtor did not list the VA on its bankruptcy schedules. On January 18 United Mortgage filed a motion for relief from the automatic stay to foreclose its mortgage. The motion was not served on the VA. On February 15, 1984 the court entered an order modifying the automatic stay to allow United Mortgage to foreclose. United Mortgage foreclosed its mortgage by advertisement and a sheriff's sale was held May 11, 1984. The amount bid in at the sale was less than the total indebtedness owed to United Mortgage and United Mortgage made a claim under the VA guaranty for $14,-800.43.

The VA now seeks repayment of the amount it paid under the guaranty, claiming an independent right of indemnity pursuant to 38 C.F.R. 36.4323 and *U.S. v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961). The debtor claims that the mortgagee's foreclosure by advertisement resulted in a waiver to the right to a deficiency judgment. M.S.A. 580.23. The debtor argues that this statutory waiver is effective against the VA. For the reasons discussed *infra*, the court finds that the VA has a valid claim against the debtor for the full amount it paid under its guaranty.

38 C.F.R. 36.4323(e) establishes the VA's independent right of indemnity apart from its subrogation right under the guaranty. That section states: "[a]ny amounts paid by the Administrator on account of the liabilities of any veteran guaranteed or insured under the provisions of 38 U.S.C. Chapter 37 shall constitute a debt owing to the United States by such veteran." Furthermore, the Supreme Court in *U.S. v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961) held that the VA has an independent right of indemnity apart from its subrogation rights under guaranty. See also, *Victory Highway Village, Inc. v. Weaver*, 634 F.2d 1099 (8th Cir.1980).

The debtor argues that the VA's claim, including its independent right of indemnity, is subject to the rights of United Mortgage. Since United Mortgage foreclosed the mortgage by advertisement, it waived its right to a deficiency judgment. Therefore, the debtor argues, the VA is bound by United Mortgage's waiver and cannot make a claim against the debtor.

The court does not accept this argument. The Supreme Court in *Shimer* established the independent right of indemnity and that it is a right apart from any actions by the mortgagee. The present case is also not the type of situation described in *Dalton Motors, Inc. v. Weaver*, 446 F.Supp. 711 (D.Mn.1978). In *Dalton* the court found that the Small Business Administration waived its right to a deficiency judgment and rights otherwise available under federal common law when it foreclosed its mortgage by advertisement under Minnesota law. The court stated that because the SBA elected its remedy by availing itself of the procedural and substantive advantages of foreclosure by advertisement under state law it must also accept the protections the state affords its mortgagors under that procedure. In the case before the court now, the VA made no election of remedies and should not be prejudiced by

the mortgagee's choice of foreclosure methods.

THEREFORE, IT IS ORDERED that the debtor's objection to the claim of the Veterans Administration is overruled. IT IS FURTHER ORDERED that the claim be allowed in the amount of $14,800.43.