**In re Robert SILVEOUS, Marsha Silveous, Debtors.**

**Bankruptcy No. 93–32940.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Nov. 10, 1994.

Robert Trusiak, Asst. U.S. Atty., Toledo, OH.

Anthony Disalle, Trustee, Toledo, OH.

Elliot Feit, Toledo, OH, for debtors.

## OPINION AND ORDER OVERRULING OBJECTION TO CLAIM

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Robert and Marsha Silveous' (the "Debtors") objection to the proof of claim filed by the United States of America ("V.A."), on behalf of the Veterans Administration. The Court finds that the Debtors' objection is not well taken and should be overruled.

### FACTS

The Debtors filed a petition under chapter 13 of title 11 on October 13, 1993.

The V.A. has filed a proof of claim in the amount of $17,400.66 in the Debtors' bankruptcy case, asserting its right to indemnity under 38 C.F.R. § 36.4323(e). The V.A.'s claim arose from the Debtors' default on a mortgage which was guaranteed by the V.A. The mortgage on the Debtors' former home was foreclosed and the property was sold on December 20, 1984. *See* Affidavit of Gloria J. Randolph. In accordance with its guarantee obligation, the V.A. paid the lender the $17,400.66 deficiency on the mortgage debt. The Debtors "do not dispute that, on the facts of this case, 'a debt owing the United States' was created at the time of the foreclosure either by the [V.A.'s] right of subrogation or indemnification or both". *See* Supplemental Reply Brief in Support of Debtors' Objection to Proof of Claim of Creditor, Department of Veterans Affairs, p. 2, para. 2.

### DISCUSSION

The Debtors have failed to rebut the prima facie validity of the V.A.'s claim. *See* Fed. R.Bankr.P. 3001(f) ("[a] proof of claim ... shall constitute prima facie evidence of the validity and amount of the claim"); *see also Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir.1993) (stating that "[t]he interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence") (citation omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993). Therefore, the Court finds that the Debtors' objection should be overruled.

■ The Debtors argue that the V.A.'s claim is time-barred by O.R.C. § 2329.08 which prohibits the recovery of a deficiency judgment "after the expiration of two years from the date of confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment". O.R.C. 2329.08. The Court disagrees. *See In re*

*Fontaine,* 42 B.R. 321 (Bankr.D.Minn.1984) (overruling debtor's objection to claim based on finding that Veterans Administration's right to indemnity under federal law was not waived by mortgagee's failure to comply with Minnesota law governing deficiency judgments). Ohio Revised Code § 2329.08 does not circumscribe the V.A.'s federally created right to indemnity against the Debtors under 38 C.F.R. § 36.4323(e). *See* 38 C.F.R. § 36.4323(e) (stating that "[a]ny amounts paid by the Secretary on account of the liabilities of any veteran guaranteed or insured under the provisions of 38 U.S.C. chapter 37 shall constitute a debt owing to the United States by such veteran"). "[T]he Supreme Court [has] considered the VA's home loan program and upheld the validity of the VA's independent right of indemnification under section 36.4323(e)." *United States v. Davis,* 961 F.2d 603, 607 (7th Cir.1992) (citing *United States v. Shimer,* 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961)); *see Carter v. Derwinski,* 987 F.2d 611, 616 (9th Cir. 1993) (en banc) (stating that "[r]egardless of the method by which a lender proceeds against a defaulting veteran ... the VA always possesses a right of indemnity against the veteran for the amount of guarantee paid to the lender"), *cert. denied,* — U.S. —, 114 S.Ct. 78, 126 L.Ed.2d 46 (1993); *see also Boley v. Brown,* 10 F.3d 218, 221–22 (4th Cir.1993) (Veterans' Administration permitted to assert right of indemnity notwithstanding failure to comply with North Carolina's requirements for deficiency judgment); *Vail v. Derwinski,* 946 F.2d 589 (8th Cir.1991) (finding that the indemnity right of Department of Veteran's Affairs was not barred by Minnesota antideficiency statute); *Jensen v. Turnage,* 782 F.Supp. 1527, 1531 (M.D.Fla.1990) (noting that federal right to indemnity cannot be impaired by state law).

The Debtors' argument that the V.A. should be estopped from asserting its right to indemnity under federal law is similarly unavailing. *Davis,* 961 F.2d at 610–11. Further, the Court cannot conclude that the V.A. has failed to diligently prosecute its claim against the Debtors. *See* Affidavit of Richard M. Troje, p. 1, para. 2.

In light of the foregoing, it is therefore

ORDERED that Robert and Marsha Silveous' objection to the proof of claim filed by the United States of America, on behalf of the Veterans Administration, be, and it hereby is, overruled.